UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANDREW WARREN RUMPLE,      )
                                      )
                  Plaintiff,      )
                                      )
                  v.           )      No. 1:20-cv-02907-JPH-DML
                                      )
LOUIS DEJOY,               )
                                      )
                  Defendant.    )

## ORDER DENYING MOTION TO RECRUIT COUNSEL

Plaintiff Andrew Warren Rumple has filed a motion requesting recruitment of counsel.  Dkt. [9].  That motion is **DENIED**.

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel."  *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).  Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation."  *Id.* (citing 28 U.S.C. § 1915(e)(1)).  "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'"  *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)).

For the first question, Mr. Rumple states that he has contacted two law firms but neither has agreed to represent him.  *See* dkt. 9 at 2.  He explains that attorney Larry Minix said his "best defense was [the] Department of

Labor," and that his case was "to[o] deep for" the Hensley Law Firm.  *Id.*
Although Mr. Rumple has tried to seek representation, he has not shown that
he has made a reasonable effort based on the limited details contained in his
filing.  *See, e.g.*, *Rosas v. Advocate Christ Med. Ctr.*, 803 F. App'x 952, 954 (7th
Cir. 2020) (affirming the district court's finding that the plaintiff, who had
made 26 calls to lawyers, failed to show that she made a reasonable effort
"because she did not follow up on any of her calls").

For the second question, a court considers whether the case's complexity
"exceeds [the plaintiff's] capacity as a layperson to coherently present it to the
judge or jury himself."  *See Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014)
(quoting *Pruitt*, 503 F.3d at 655).  Mr. Rumple alleges that he suffered a
workplace injury as an employee of the U.S. Postal Service, for which the U.S.
Department of Labor granted him a "job modifier."  Dkt. 1 at 5.  Mr. Rumple
claims that his employer—the U.S. Postal Service—denied him a "career
position" in August or September 2018 based on this injury.  *Id.* at 5–6.  In
February 2019, Mr. Rumple filed a charge with the Equal Employment
Opportunity Commission ("EEOC") about this alleged discriminatory conduct.
*Id.* at 6.  On November 4, 2020, Mr. Rumple filed this action against U.S.
Postmaster General Louis DeJoy, asserting that this conduct violates the
Americans with Disabilities Act ("ADA").  *Id.* at 1–2.

In his motion to recruit counsel, Mr. Rumple argues that he is "in over
[his] head."  Dkt. 9-1.  He claims that his EEOC proceeding failed because he
could not show a "law violation."  *Id.*; *see* dkt. 9 at 3.  The defendant has yet to

respond to Mr. Rumple's complaint, making the case's complexity difficult to ascertain.  *See Rosas*, 803 F. App'x at 954 ("Until defendants have responded to a complaint, the district court faces 'the difficulty of accurately evaluating the need for counsel.'") (quoting *Mapes v. Indiana*, 932 F.3d 968, 971–72 (7th Cir. 2019)).

Mr. Rumple's motion also states that he has no difficulty reading or writing English, has graduated from high school, and has no physical or mental issues affecting his ability to litigate.  Dkt. 9 at 2–3.  And without the assistance of counsel, *id.* at 3, Mr. Rumple has successfully filed a motion to proceed *in forma pauperis*, dkt. 2; dkt. 6.  Based on the early stage of this litigation, his educational background, and his filings in this proceeding thus far, Mr. Rumple has not demonstrated that the case exceeds his capacity to present it.  *See Ward v. Hoffman*, 670 F. App'x 408, 411 (7th Cir. 2016) (holding that the district court "properly denied" plaintiff's motion to recruit counsel because "his prior filings reflected his competence to litigate the case").

Mr. Rumple's motion to appoint counsel, dkt. [9], is therefore **DENIED without prejudice**.

**SO ORDERED.**

Date: 1/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

ANDREW WARREN RUMPLE
6027 West 56th Street
Indianapolis, IN 46254