UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW WARREN RUMPLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02907-JPH-DML |
| ) | |
| LOUIS DEJOY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Andrew Rumple, brought this employment discrimination lawsuit against Defendant, Louis DeJoy, the Postmaster General of the United States Postal Service (USPS). Mr. Rumple alleges that USPS discriminated against him on the basis of a physical disability when it did not give him a position as a Rural Letter Carrier (RLC). *See* Dkt. 1 at 3–5; dkt 1-1 at 16. Defendant has filed a motion to dismiss Mr. Rumple's complaint for lack of subject-matter jurisdiction and alternatively for failure to state a claim upon which relief can be granted. Dkt. [16]. Because Mr. Rumple's complaint does not state a plausible claim, that motion is **GRANTED**.

I.
Facts and Background

Because Defendant has moved for dismissal under Rule 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Scott Air Force Base Props., LLC v. Cty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008).

Mr. Rumple was injured while performing his duties as a Rural Carrier Associate (non-career position) in January 2016. Dkt. 1-1 at 15. The parties agree that his disability from that injury is permanent. Dkt. 1-1 at 2. Mr. Rumple was placed in a temporary limited-duty position in March 2017, but this role was later converted to a permanent modified job assignment after a medical evaluation concluded that his disability was permanent. *Id.* at 11, 15, 18.

In August 2018, two career positions for Rural Letter Carrier (RLC) opened for bidding, but Mr. Rumple was "not given the opportunity to bid" on them because of his disability. *Id.* at 8–12. The RLC job description states that an RLC "[c]ases, delivers, and collects mail along a prescribed rural route using a vehicle; [and] provides customers along the route with a variety of services." Dkt. 1-1 at 5. On his application, Mr. Rumple indicated that he could perform most of the job duties. *Id.* But he wrote "No" in the margin next to item 4: "Delivers mail to customers along a prescribed route and on a regular schedule by a vehicle; collects monies and receipts for accountable mail; picks up mail from customers' roadside boxes." *Id.*

Mr. Rumple filed a formal EEO complaint in December 2018, alleging that USPS discriminated against him by not awarding him the RLC position. *Id.* at 16. In response to a question on an EEOC Investigative Affidavit, Mr. Rumple stated that he cannot "driv[e] a postal vehicle." *Id.* at 4. After receiving an unfavorable decision, he appealed to the EEOC, which affirmed the Agency's decision and issued Mr. Rumple a "right to file a civil action." *Id.* at 16, 20.

2

Mr. Rumple then filed this "Complaint for Employment Discrimination" under the Americans with Disabilities Act of 1990 (ADA). Dkt. 1 at 2.

## II.
## Applicable Law

A defendant may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor. *Id.*

A defendant also may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of

specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).  Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 616.

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim."  *Id.*

### III. Analysis

**A. Subject Matter Jurisdiction**

Defendant argues that the Court lacks subject matter jurisdiction over Mr. Rumple's claim because the ADA expressly excludes the United States as a "covered entity."  Dkt. 17 at 7; *see* 42 U.S.C. §§ 12111(2), 12111(5)(B)(I).  Mr. Rumple responds that the parties "have already argued the legality of [his] case, and the Court has agreed to [sic] hear the case."  Dkt. 18 at 1.

"[C]ourts are supposed to analyze a litigant's claims and not just the legal theories that he propounds . . . especially when he is litigating pro se."  *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (analyzing pro se litigant's claim under the Rehabilitation Act despite complaint citing only the ADA).  The Rehabilitation Act forbids agencies that receive federal funding from discriminating against individuals on the basis of a disability.  *Rutledge v.*

4

*Illinois Dept. of Human Services*, 785 F.3d 258, 258 (7th Cir. 2015); 29 U.S.C. § 701 *et seq*; *see Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015) (explaining that the standard to establish a claim under the Rehabilitation Act "is functionally identical" to a claim under the ADA).

Here, the employment discrimination complaint form that the Court provides to *pro se* litigants includes the following options as the basis for jurisdiction:

- "Title VII of the Civil Rights Act of 1964 (race, color, gender, religion, national origin)";
- "Age Discrimination in Employment Act";
- "Americans with Disabilities Act";
- "Other federal law (*specify the federal law*)";
- "Relevant state law (*specify, if known*)"; and
- "Relevant city or county law (*specify, if known*)".

Dkt. 1 at 2 (citations omitted).  Mr. Rumple checked the box that says, "Americans with Disabilities Act."  The correct answer would have been to check the box that says, "Other federal law (*specify the federal law*)," and then to write in "Rehabilitation Act" because the ADA does not apply to the USPS. *Vargas v. DeJoy*, 980 F.3d 1184, 1188 n.4 (7th Cir. 2020).  But Mr. Rumple could be forgiven for checking the box that says, "Americans with Disabilities Act," in an attempt to bring a case alleging discrimination on the basis of a disability.  When read in context with the facts alleged in the Complaint—that Mr. Rumple was injured and thereafter not considered for an RLC position

because of his injury—it was clear enough he was bringing a claim under the Rehabilitation Act. The allegations set forth in Mr. Rumple's *pro se* complaint are therefore sufficient to invoke the Court's subject matter jurisdiction under the Rehabilitation Act. *Cf. Johnson v. Runyon*, 47 F.3d 911 (7th Cir. 1995); *see also Norfleet*, 684 F.3d at 690. Because Mr. Rumple's complaint arises under federal law, the Court has subject matter jurisdiction.

### B. Failure to State a Claim under the Rehabilitation Act

To state a claim for relief under the Rehabilitation Act, a plaintiff must "show that he: (1) suffers from a substantial limitation of a major life activity (*i.e.*, he is disabled under the terms of the statute); (2) is otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) has suffered an adverse employment decision because of the disability." *Scheerer v. Potter*, 443 F.3d 916, 918 (7th Cir. 2006) (citing *Peters v. City of Mauston*, 311 F.3d 835, 842 (7th Cir. 2002)).

Defendant argues that Mr. Rumple has not alleged sufficient facts to show that he was qualified to perform the essential functions of an RLC.[1] Dkt. 17 at 8; dkt. 19 at 1. Mr. Rumple admits that he is incapable of "driving a postal vehicle." Dkt. 1-1 at 4. And the job posting that Mr. Rumple included with his complaint shows that RLCs must deliver and pick up mail in a postal truck on a regular basis. *Id.* at 5. Thus, Mr. Rumple is incapable of

---

[1] Defendant also argues that Mr. Rumple has failed to state a claim because he has not alleged sufficient facts to show that he is disabled within the meaning of the Rehabilitation Act. Dkt. 17 at 8. Because the Court's conclusion that Mr. Rumple's failure to allege sufficient facts to show he can perform the essential functions of the job is dispositive, the Court does not address Defendant's other arguments.

6

performing one of the essential functions of an RLC.  Mr. Rumple has suggested that, in order to convert his job assignment into "career" status, he should be given a "dummy or unassigned route." *Id.* at 10.  This request is not a "reasonable accommodation" because another employee would have to perform Mr. Rumple's duties on the actual assigned route.  *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 534 (7th Cir. 2013) ("[T]o have another employee perform a position's essential function, and to a certain extent perform the job for the employee, is not a reasonable accommodation.").

    Mr. Rumple next argues that there is "discriminating language" in the RLC job posting because an applicant "must be able to perform the duties of the job within six months," but the posting does not provide an opportunity for those "able to perform duties after six months." Dkt. 18 at 1–2.

     This argument also fails.  Mr. Rumple does not allege that he will be able to perform the essential duties of the role after six months, or ever.  And even if he could perform the essential duties of the role at some later period, holding the job position open for a period beyond six months is also not a reasonable accommodation.  *Cf. Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 482 (7th Cir. 2017) ("[A] long term leave of absence cannot be a reasonable accommodation. . . . [A]n inability to do the job's essential tasks means that one is not 'qualified'; it does not mean that the employer must excuse the inability.").

    In sum, Mr. Rumple has not alleged that he can perform the essential duties of an RLC or that there is a reasonable accommodation that would

7

enable him to do so. Thus, he has not stated a claim for relief under the Rehabilitation Act.

## IV.
## Conclusion

Defendant's motion to dismiss for failure to state a claim for relief, dkt. 16, is **GRANTED**. In these circumstances, amending the complaint would be futile because Mr. Rumple has admitted that his permanent disability prevents him from performing an essential job duty—driving a postal vehicle. *See* dkt. 1-1 at 4. This case is therefore **DISMISSED with prejudice.** *Standard v. Nygren*, 658 F.3d 792, 796–96 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 2/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDREW WARREN RUMPLE
6027 West 56th Street
Indianapolis, IN 46254

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov